UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>STEVEN RAY ROOT,<br><br>　　　　　　　Defendant. | 2:14-CR-0001-TOR<br><br>Preliminary Order of Forfeiture |

IT IS HEREBY ORDERED THAT:

As the result of the Defendant's guilty plea to Count 1 of the Superseding Indictment, charging Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, for which the United States sought forfeiture of assets, more particularly described in the Bills of Particulars filed herein, pursuant to 21 U.S.C. § 853, Defendant, STEVEN RAY ROOT, shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as result of such offenses and any property used or intended to be used to commit or facilitate the commission of such offenses

The Court has determined, based upon the Defendant's guilty plea and the evidence presented at his change of plea hearing held on October 16, 2014, that the following assets are subject to forfeiture pursuant to 21 U.S.C. § 853, and that the

Preliminary Order of Forfeiture ~ 1

United States has established the requisite nexus between such assets described below, and such offense(s):

REAL PROPERTY

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 11852 Sunset Road, Thornton, Washington, legally described as follows:

Situated in the County of Whitman, State of Washington, and described as follows:

A tract situated in the southeast quarter of the northwest quarter and in the northeast quarter of the southwest quarter of Section 28, Township 20 north, Range 43 East, W.M., described as follows:

Commencing at a point in the road on subdivision line 27 feet north of the center of said Section 28; thence north 0°40′ west 2.50 chains, thence north 84°5′ west 9.07 chains; thence south 65°39′ east 7.67 chains; thence south 23°29′ east 1.52 chains; thence north 52°13′ east 1.86 chains to the place of beginning.

A tract situated in the southwest quarter of the northeast quarter of Section 28, Township 19 north, Range 43 East, W.M., described as follows: Commencing at a point in road on subdivision line 27 feet north of the center of said Section 28; thence north 0°40′ west 165 feet along said subdivision line; thence south 85°28′ east 151 feet; thence south 43°22′ east 19 feet to center of road; thence south 49°17′ west 213 feet to the place of beginning.

FIREARMS

a. a Browning Arms Company, Buck Mark, .22 long rifle caliber pistol bearing serial number 655NV33992;

b. a Smith & Wesson, Model 422, .22 long rifle caliber pistol bearing serial number TEA1381;

c. a Walther, Model 922, .22 long rifle caliber pistol bearing serial number L324193;

Preliminary Order of Forfeiture ~ 2

d. a Remington Model 581, .22 caliber bolt action rifle bearing serial number 1229400; and,

e. a Winchester, Model 1200, 12 gauge shotgun bearing serial number L1397427.

U.S. CURRENCY

-Approximately $1,657.00 U.S. currency

Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above-listed assets subject to forfeiture, whether held by the Defendant or a third party, and to conduct any discovery proper in identifying, locating or disposing of property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. Pursuant to 21 U.S.C. § 853(n), the United States will post notice of this order on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for posted internet notice as to those persons so notified. Any person, other than the above-named Defendant, asserting a legal interest in the above-listed property may, within thirty (30) days of the last date of internet posting of notice, or by the date indicated on direct notice, if sent, whichever is earlier, petition the court for a hearing without a

Preliminary Order of Forfeiture ~ 3

jury to adjudicate the validity of his/her alleged interest in the above-listed forfeited assets and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(2), Rule G(5) and 21 U.S.C. § 853(n), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this 16th day of October, 2014.

Thomas O. Rice
United States District Judge

Presented by:

Michael C. Ormsby
United States Attorney

s/Caitlin A. Baunsgard

Caitlin A. Baunsgard
Assistant United States Attorney

Preliminary Order of Forfeiture ~ 4